## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY R. ROBINSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:18-cv-00623 |
| ACCELERATED FINANCIAL SOLUTIONS L.L.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### <u>COMPLAINT</u>

NOW comes KIMBERLY R. ROBINSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ACCELERATED FINANCIAL SOLUTIONS L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a 41 year-old natural person residing at 700 Dunson Glenn Drive, Apartment 210, Houston, Texas, which is located within the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a "modern debt collection & legal recovery solutions"[1] company that collects consumer debts for others, including debt allegedly owed by Plaintiff.   While Defendant's registered office is located at 39 Monette Parkway, Smithfield, Virginia, Defendant regularly collects upon Texas consumers.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   In approximately September 2017, Plaintiff began receiving calls to her cellular phone, (281) XXX-6782, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6782.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.gotoafs.com/

11.   Upon answering calls from Defendant, Plaintiff is subjected to a recorded message before she is connected with a live representative.

12.   Upon speaking with Defendant, Plaintiff is informed that it is attempting to collect upon a debt owed by Plaintiff ("subject consumer debt").

13.   Plaintiff has notified Defendant that she was disputing the debt, and demanded that it stop contacting her.

14.   Despite Plaintiff's demands, Defendant continued to relentlessly call Plaintiff's cellular phone seeking to collect upon the subject consumer debt.

15.   As a result of Defendant's incessant behavior, Plaintiff even took the time to return its call and reiterate her demands that it cease contact.

16.   In spite of Plaintiff's efforts, Defendant has continued to call Plaintiff's cellular phone up until the date of the filing of this action.

17.   During some conversations with Plaintiff, Defendant has ended the call abruptly, leaving Plaintiff confused and stressed.

18. Defendant has used a variety of phone numbers when contacting Plaintiff's cellular phone, including but not limited to (361) 488-7535.

19.   Upon information and belief, the above-referenced phone number ending in -7535 is regularly utilized by Defendant during its debt collection activity.

20. In sum, Plaintiff has received not less than 12 phone calls from Defendant since asking it to stop calling.

21.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

3

23.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a third party debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2008.[2]

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692c(a)(1) and §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

---

[2] http://www.acainternational.org/search#memberdirectory

4

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 12 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b.  Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told that the debt was being disputed and to cease contacting her, Defendant continued to relentlessly contact Plaintiff via automated calls in an attempt to force her to answer its calls and ultimately make a payment.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls when it no longer had consent to do so.

35. Defendant also deceptively used various phone numbers when contacting Plaintiff, in an attempt to trick Plaintiff into answering its calls in order to extract payment from her.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 12 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

38. Moreover, during certain conversations with Plaintiff, Defendant unfairly ended the call while attempting to collect upon the subject consumer debt, leaving Plaintiff confused and frustrated.

39. As pled in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KIMBERLY R. ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40.   Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The recorded message that Plaintiff is subjected to during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43.   Defendant violated the TCPA by placing at least 12 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

44. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIMBERLY R. ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46.   Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

49. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302(4)**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 12 times after being notified to stop.  The repeated contacts were made with the hope that Plaintiff

8

would succumb to the harassing behavior and ultimately make a payment.  The nature and volume of phone calls would naturally cause an individual to feel oppressed.

52. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct.   Yet, Defendant consciously chose to continue placing collection calls to Plaintiff's cellular phone in an attempt to force her into submission.

WHEREFORE, Plaintiff, KIMBERLY R. ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Federal I.D. No. 3098183                               Federal I.D. No. 3098150
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Southern District of Texas    Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com